IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01592-PAB-CBS

ROBERT LONCAR, et al.,

    Plaintiffs,

v.

WESTERN PEAK, LLC, a Colorado limited liability company, et al.,

    Defendants.

_____

**ORDER**
_____

    This matter is before the Court on the motion for entry of judgment [Docket No. 174] filed by defendants David R. Fiore, Western Peak, LLC, and JC Ventures (collectively, the "Western Peak defendants") on January 16, 2012.

    On March 30, 2011, the Court granted [Docket No. 169] the motions for attorneys' fees pursuant to 28 U.S.C. § 1927 filed by the Western Peak defendants [Docket No. 145] and by defendants Cynthia M. Peters and Prosperity Bookkeeping, Inc. [Docket No. 148]. The Court ordered the defendants to file affidavits complying with D.C.COLO.LCivR 54.3 documenting the fees incurred as a result of the unreasonable multiplication of the proceedings by plaintiffs' attorney George M. Allen. The defendants filed their respective affidavits on April 25 and May 2, 2011. *See* Docket Nos. 170, 171. Mr. Allen filed a document entitled "Status Report Regarding Response to Attorney Fee Submissions," in which he informed the Court that

he had "sent out requests for conferral regarding a motion intended to be filed either late today or tomorrow morning seeking an extension of time to June 13, 2011 to file a response regarding the pending submissions for award of attorney fees." Docket No. 172 at 1.  In light of his failure to respond, the Western Peak defendants request in the present motion that judgment now enter against Mr. Allen in the amount of $41,826.50.

On February 13, 2012, the Court issued a Minute Order [Docket No. 176] granting Mr. Allen's motion for an extension of time [Docket No. 175] until February 17, 2012 to respond to the present motion.  Mr. Allen filed a second motion for extension of time at 11:59 p.m. on February 17, 2012 [Docket No. 177] requesting one additional business day to file a response.  Despite Mr. Allen's failure to comply with this Court's Practice Standards, *see* Practice Standards (Civil cases), Judge Philip A. Brimmer § I.G.2 ("Any motion for extension of time shall be filed no later than **three** business days before the date the motion, response, reply, or other paper is due.") (emphasis in original), the Court granted Mr. Allen leave to file a response no later than February 21, 2012.  Mr. Allen filed an untimely response [Docket No. 179] on February 23, 2012. *See also* Docket No. 180 (Supp. to Resp.); Docket No. 181 (Notice of Typographical Error in Supp. to Resp.).  Three days later, he filed a motion requesting a retroactive extension of time [Docket No. 182] to file his response.  Although the Court agrees with the Western Peak defendants that Mr. Allen failed to show good cause for his untimely filing, *see* Docket No. 183, the Court will consider his response.

In his response, Mr. Allen contends that defendants deliberately withheld inculpatory business records and that to award fees pursuant to 28 U.S.C. § 1927

would reward such conduct.  As the Court stated in the March 30, 2011 order, "Mr. Allen provides no authority for the proposition that defendants' failure to comply with discovery requests precludes an award of fees under section 1927."  Docket No. 169 at 8.  The Court further concluded that "[t]his alleged failure to disclose documents is ultimately irrelevant to whether Mr. Allen had a reasonable basis to assert federal jurisdiction."  *Id.*  Mr. Allen contends that the documents, once produced, were "damning," Docket No. 179 at 2, but still fails to "deny defendants' allegation that he deliberately attempted to manufacture federal jurisdiction in this case," Docket No. 169 at 7, the conduct which the Court concluded unreasonably multiplied these proceedings.  Therefore, the Court finds no basis to revisit the substantive basis for its award of fees to defendants.

Turning to the Western Peak defendants' affidavit documenting those fees, the Court must determine the reasonableness of their request.  As an initial matter, Mr. Allen's response does not dispute the reasonableness of either the hours or rates requested by the Western Peak defendants.  Moreover, as noted above, defendants Cynthia M. Peters and Prosperity Bookkeeping, Inc. filed their affidavit documenting their fee request on May 2, 2011.  *See* Docket No. 171.  Mr. Allen has not interposed any challenge to the reasonableness of the rates or hours documented therein.  The Court therefore will take up the reasonableness of their request as well.

In *Robinson v. City of Edmond*, 160 F.3d 1275 (10th Cir. 1998), the Tenth Circuit reviewed the approach to be used in calculating an award of attorney's fees, stating that,

> [t]o determine the reasonableness of a fee request, a court must begin by

>calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Id.* at 1281. The analysis has two components: first, whether the hours billed "were 'necessary' under the circumstances," *id.*; and second, whether the hourly rate charged "is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002).

The Court has reviewed the billing records in the defendants' affidavits, which reflect work conducted over approximately two years, *see* Docket No. 169 (March 30, 2011 Order), to ensure that the hours claimed and the rates charged are reasonable. Having engaged in that independent review, and in the absence of any objection by Mr. Allen to any of the claimed hours or rates, the Court has found no basis to conclude that the time spent was not reasonably necessary or that the hourly rates fail to reasonably relate to the prevailing rates in Denver, Colorado. Consequently, it is

**ORDERED** that Mr. Allen's motion for extension of time [Docket No. 182] is GRANTED. It is further

**ORDERED** that the Western Peak defendants' motion for extension of time to file a reply [Docket No. 185] is denied as moot. It is further

**ORDERED** that the motion for entry of judgment [Docket No. 174] filed by defendants David R. Fiore, Western Peak, LLC, and JC Ventures is GRANTED. Judgment shall enter in favor of defendants David R. Fiore, Western Peak, LLC and JC Ventures and against George M. Allen for attorneys' fees in the amount of $41,826.50. It is further

**ORDERED** that judgment shall enter in favor of defendants Cynthia M. Peters and Prosperity Bookkeeping, Inc. and against George M. Allen for attorneys' fees in the amount of $26,183.00.

DATED May 3, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge